# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff - Respondent,<br><br>v.<br><br>ALBERT HOOD,<br><br>    Defendant - Petitioner. | **CASE NO. 1:11-CR-0443-AWI**<br><br>**ORDER DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255**<br><br>**ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY** |

On October 17, 2013, Defendant Albert Hood ("Defendant") was convicted after a jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. 56. Defendant was sentenced for that conduct on February 18, 2014, to a 96 month term of incarceration. Docs. 64, 69. In calculating Defendant's term of incarceration, the Court applied an enhancement under United States Sentencing Guideline ("USSG") § 2K2.1(a)(2) to impose a base offense level of 24 because Defendant sustained two separate felony convictions for crimes of violence: infliction of corporal injury upon a spouse in violation of California Penal Code § 273.5, and assault with a deadly weapon in violation of California Penal Code § 245(a)(1). *See* Doc. 58 at 5. The Court imposed an additional two-level enhancement, for a total offense level of 26, because the firearm Defendant possessed was stolen. USSG § 2K2.2(b)(4)(A). The Court calculated Defendant's criminal history at category VI. The guideline imprisonment range for an

offense level of 26 and a criminal history category of VI is 120 to 150 months imprisonment. However, because the statutory maximum penalty for a conviction pursuant to 18 U.S.C. § 922(g)(1) is 10 years, USSG § 5G1.1(c)(1) set the guideline range at 120 months. Rather than impose the statutory maximum, the Court recognized mitigating factors and imposed a 96 month term of imprisonment.

On June 21, 2016, Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, challenging whether the two prior convictions qualified as "crime[s] of violence" for purposes of imposing a base offense level of 24 pursuant to USSG 2K2.1(a)(2). *See* USSG § 4K2.1, n.1; USSG § 4B1.2(a). Under the then-operative version of USSG § 4B1.2(a)[1]—defining crime of violence—a crime could qualify as a "crime of violence" in three ways: (1) by containing as an element use or attempted use of force, (2) by being one of the enumerated offenses, or (3) by "involve[ing] conduct that presents a serious potential risk of physical injury to another." USSG § 4B1.2(a) (2013). Defendant's prior convictions fell within the final category—the residual clause. The United States Supreme Court considered a vagueness challenge to the similarly framed residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), in *Johnson v. United States*, --- U.S. ----, 135 S.Ct. 2551 (2015) ("*Johnson II*"). In *Johnson II*, the Supreme Court held that the residual clause of the ACCA was unconstitutionally vague in fixing the permissible sentence for crimes punishable under the ACCA. Based on *Johnson II*, Defendant asked this Court to find that application of the residual clause of § 4B1.2(a)(2) suffered from the same defect.

On July 6, 2016, this Court stayed this action pending resolution of several related claims then-pending before the Ninth Circuit. On March 8, 2016, this Court lifted the stay of this action in light of the Supreme Court's decision in *Beckles v. United States*, --- U.S. ----, 137 S.Ct. 886, resolving the exact question at issue here—whether the Sentencing Guidelines are subject to vagueness challenges under the Due Process Clause. Doc. 99. The Supreme Court answered that question in the negative; the Guidelines are not subject to vagueness challenges; "§ 4B1.2(a)(2)

---

[1] USSG § 4B1.2 was amended on August 1, 2016, to remove the residual clause and modify the enumerated offenses that qualify as crimes of violence. *See* USSG § 4B1.2.

2

therefore is not void for vagueness." *Beckles*, 137 S.Ct. at 892. The Court afforded Defendant "30 days in which to submit additional briefing/an additional filing in light of *Beckles*." Doc. 99 at 2.

On April 5, 2017, Defendant submitted a notice of non-supplementation. Doc. 100.

Defendant's arguments were all premised on *Johnson II* invalidating the residual clause of USSG § 4B1.2(a)(2). The Supreme Court conclusively resolved that question in favor of the United States. Defendant's arguments fail; the two prior convictions identified are crimes of violence. Defendant was correctly sentenced. Defendant's motion will be denied on that basis.

Next, the Court declines to issue a certificate of appealability. A federal prisoner seeking to vacate his conviction has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 537 U.S. 322, 335-336 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—[¶]
>
>    (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies a defendant's motion to vacate, the court may only issue a certificate of appealability when a petitioner makes a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To make a substantial showing, the defendant must establish that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have

been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)).

In the present case, the Court finds that Defendant has not made the required substantial showing of the denial of a constitutional right to justify the issuance of a certificate of appealability. Reasonable jurists would not find the Court's determination that Petitioner is not entitled to relief debatable, wrong, or deserving of encouragement to proceed further. Thus, the Court will decline to issue a certificate of appealability.

Based on the foregoing, IT IS HEREBY ORDERED that Defendant's motion to vacate is DENIED. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated: __April 12, 2017__  _____
SENIOR DISTRICT JUDGE