# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff-Respondent<br><br>　　v.<br><br>ALBERT HOOD,<br><br>　　　　Defendant-Petitioner | CASE NO. 1:11-CR-443-AWI<br><br>ORDER DENYING DEFENDANT'S "MOTION TO CORRECT OR CLARIFY JUDGMENT PURSUANT TO 28 USC 2255"<br><br>(Doc. No. 102) |

On October 17, 2013, Defendant Albert Hood was convicted after a jury trial of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Doc. No. 56. Defendant was sentenced for that conduct on February 18, 2014, to a 96-month term of incarceration. Doc. No.'s 64, 69. On June 21, 2016, Defendant filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, challenging whether the two prior convictions qualified as "crime[s] of violence" for purposes of imposing a base offense level under the sentencing guidelines. Doc. No. 95. The Court denied Defendant's motion on the merits. Doc. No. 101.

On January 8, 2018, Defendant filed the instant "Motion to Correct or Clarify Judgment Pursuant to 28 USC 2255," alleging that the Bureau of Prisons improperly "amended the Court's judgment by taking away 254 days of jail credits granted at sentencing." Doc. No. 102, at p.1. Defendant contends the Bureau unilaterally added an additional 8 ½ months to his sentence, under the guise of an internal audit, without requesting amendment under Fed. R. Crim. P. 35(a) or 36. *Id.* at p. 3. Thus, Defendant requests the Court order the Bureau "to reinstate the 254 days credit."

Because the Court lacks jurisdiction, Defendant's motion will be dismissed.

/ / /

*Discussion*

A federal court must dismiss a second or successive petition that raises a new ground unless the petitioner can show that (1) the claim rests on a new, retroactive, constitutional right, or (2) the factual basis of the claim was not previously discoverable through due diligence, and these new facts establish by clear and convincing evidence that but for the constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2)(A)–(B). However, it is not the district court that decides whether a second or successive petition meets these requirements. Section 2244(b)(3)(A) provides: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." In other words, a petitioner must obtain leave from the Ninth Circuit before he can file a second or successive petition in district court. *See Felker v. Turpin*, 518 U.S. 651, 656–57 (1996). This Court must dismiss any second or successive petition unless the Court of Appeals has given a petitioner leave to file the petition because a district court lacks subject-matter jurisdiction over a second or successive petition. *Burton v. Stewart*, 549 U.S. 147, 157 (2007).

In the instant petition, Petitioner challenges the execution of his sentence under 28 U.S.C. § 2255, relating to his conviction as a felon in possession. *See* Doc. No. 102. However, Defendant previously sought federal habeas relief in this Court with respect to the same conviction, which this Court denied on the merits. *See* Doc. No.'s 95, 101. As filed, the instant petition is therefore "second or successive" under 28 U.S.C. § 2244(b), and since the Ninth Circuit has not granted Defendant permission to file a successive habeas petition, the instant motion must be dismissed for lack of jurisdiction. *See Burton*, 549 U.S. at 157.[1]

---

[1] The Court notes that while Defendant's motion is filed under § 2255, the proper vehicle would have been to file a motion under 28 U.S.C. § 2241. A motion under § 2255 generally is the exclusive post-appeal mechanism by which a federal prisoner may challenge the *legality* of his conviction or sentence. *See Muth v. Fondren*, 676 F.3d 815, 818 (9th Cir. 2011); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008). Conversely, a petitioner seeking to attack the *execution* of a sentence (and not its validity) should file under § 2241. *White v. Lambert*, 370 F.3d 1002, 1009 (9th Cir. 2004); *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (same). Simply, a petition under § 2255 can test only the sentence imposed and not the sentence "as it is being executed." *Brown v. United States*, 610 F.2d 672, 677 (9th Cir. 1980).
However, even assuming Defendant had filed this motion under the proper habeas section, and assuming further that he would have met the requirements for jurisdiction and exhaustion of administrative remedies under § 2241, Defendant's motion still would have failed on the merits for one simple reason: the Bureau has not unilaterally amended the sentence, as Defendant contends, but has merely calculated his term of imprisonment as is required by

# **ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's § 2255 Motion (Doc. No.'s 102) is DISMISSED as successive; and

2. The Clerk of Court is DIRECTED to ENTER JUDGMENT and close the file.

IT IS SO ORDERED.

Dated:  June 28, 2018                              _____
                                                                    SENIOR  DISTRICT  JUDGE

---

statute. *See* 18 U.S.C. § 3585 (instructing that a sentence begins on the day the defendant is received in custody, and also instructing that the defendant be given credit toward that sentence "for any time he has spent in official detention prior to the date the sentence commences . . . ."). Under the law, it is the Bureau's duty to calculate the term of imprisonment, and not the Court's. *See United States v. Wilson*, 503 U.S. 329, 334–35 (1992); *see also Morgan v. Morgan,* 2010 WL 3239080, at *3 (E.D.N.C. Aug. 16, 2010) (citing *Wilson*, 503 U.S. at 335) ("Implicit in this authority is the ability to calculate, and re-calculate, the sentence as changes occur and time is earned and lost, and to correct any inaccurate calculations as they are discovered.").

Here, Defendant was sentenced to 96 months of imprisonment, and nothing the Bureau has done changes this fact. Instead, the documents submitted by Defendant indicate the Bureau initially calculated his term of imprisonment incorrectly, and sought to correct this error after an internal audit. *See* Doc. No. 102. Originally, the Bureau credited Defendant with 807 days of "prior credit time," from the date of the issuance of the warrant through the date his sentence was imposed. *See Id*. However, this calculation was in error, for Defendant was not detained on this warrant until some 8 ½ months later, and so was initially granted a credit for which he was undeserving. *See* 18 U.S.C. § 3585(b); *see also Ninete v. Thomas*, 607 F. Supp. 2d 1201, 1204 (D. Or. 2009) ([T]he general requirement [is] that credit cannot be given for anything other than official detention."). Therefore, the Bureau appears to have correctly re-calculated Defendant's credit regarding Defendant's pre-sentence custodial time—which has resulted in the revised satisfaction date—and thus, any properly-filed § 2241 motion would have been unsuccessful on the merits. *See Wilson*, 503 U.S. 329, 334–35 (1992); *see also Morgan,* 2010 WL 3239080, at *3; *Ninete*, 607 F. Supp. 2d at 1204.

3